UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ORGANOGENESIS INC., | |
| Plaintiff, | CIVIL ACTION No. |
| v. | **COMPLAINT** |
| COOK BIOTECH INCORPORATED, | |
| Defendant. | |

## 04-11929 NG

MAGISTRATE JUDGE _Bowler_

Plaintiff Organogenesis Inc. ("Organogenesis") makes the following allegations against Defendant Cook Biotech Incorporated ("Cook").

### PARTIES

1.     Organogenesis is a Delaware corporation having its principal place of business at 150 Dan Road, Canton, Massachusetts. Organogenesis is engaged in the manufacture and sale of medical products, including tissue graft material.

2.     On information and belief, Cook is an Indiana corporation with its principal place of business at 3055 Kent Avenue, West Lafayette, Indiana. Cook is also engaged in the manufacture and sale of medical products, including tissue graft material.

### JURISDICTION AND VENUE

3.     Cook has continuous and systematic contacts with this district and/or specific contacts with this district sufficiently related to this cause of action to warrant the exercise of personal jurisdiction by this Court.

4.     This Court has jurisdiction pursuant to, without limitation, 28 U.S.C. § § 1331, 1338(a), 2201(a) and 2202.

RECEIPT # _58433_
AMOUNT $ _150 -_
SUMMONS ISSUED _/_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _9-3-04_

5.      Venue is proper in this district pursuant to 28 U.S.C. § § 1391(b) and 1391(c).

**FACTUAL HISTORY UNDERLYING THE PARTIES' DISPUTE**

6.      This complaint seeks declaratory relief that Organogenesis does not infringe United States Patent No. 5,573,784 ("'784 patent"), a copy of which is attached hereto as Exhibit 1. Cook is an exclusive licensee of this patent for certain non-orthopedic fields of use.

7.      Cook's prior conduct has created an objectively reasonable apprehension on the part of Organogenesis that Cook will charge it with infringing one or more claims of the '784 patent.

8.      On May 3, 2002, Cook filed suit in the Southern District of Indiana against Organogenesis charging Organogenesis with infringement of the '784 Patent. *Cook Biotech Incorporated v. Organogenesis Inc.*, Civil Action No. IP02-0700-C H/K (the "Indiana Litigation"). Although its complaint was not explicit on this point, the basis for Cook's claim of infringement was Organogenesis's sale of collagen-based tissue graft products.

9.      On June 12, 2002, Organogenesis filed a declaratory judgment complaint in this District, seeking a declaratory judgment that Organogenesis did not infringe the '784 patent. *Organogenesis Inc. v. Cook Biotech Incorporated*, Civil Action No. 02-CV-11182 NG (the "Massachusetts Litigation").

10.     On June 28, 2002, Organogenesis moved to dismiss the Indiana Litigation for lack of personal jurisdiction.

11.     On July 22, 2002, Cook moved to dismiss the Massachusetts Litigation or to stay it pending the resolution of the Indiana Litigation.

12.     On August 22, 2002, this Court (Gertner, J.) denied Cook's motion to dismiss the Massachusetts Litigation, but stayed that Litigation pending the resolution of Organogenesis' motion to dismiss the Indiana Litigation for lack of personal jurisdiction. The Court further

administratively closed the Massachusetts Litigation pending the resolution of Organogenesis' motion to dismiss the Indiana Litigation, without prejudice to reopening it if the Indiana court determined that it lacked personal jurisdiction over Organogenesis.

13.     On September 25, 2002, before the Indiana court had ruled on Organogenesis' motion to dismiss for lack of personal jurisdiction, Organogenesis filed a voluntary petition under Chapter 11 of the Bankruptcy Code. *In re Organogenesis Inc.*, Case No. 02-16944-WCH (Bankr. D. Mass.)

14.     On October 7, 2002, Organogenesis filed a Suggestion of Bankruptcy in the district court for the Southern District of Indiana, indicating that the Indiana Litigation had been automatically stayed pursuant to § 362 of the Bankruptcy Code.

15.     In the bankruptcy proceeding, Cook filed an unsecured claim (the "Claim") for statutory infringement damages on the basis of Organogenesis' alleged infringement of the '784 Patent prior to the petition date.  Organogenesis objected to Cook's Claim.

16.     In an Order dated June 26, 2003, the Bankruptcy Court approved the Disclosure Statement for Third Amended Plan of Reorganization of Organogenesis, Inc.  (the "Plan").

17.     The Plan provided, in part, that "[a]s of the Effective Date, all property of Reorganized Organogenesis shall be free and clear of all Claims, liens, encumbrances, and other interests of creditors and holders, except as otherwise provided herein." (Plan at 26.)

18.     Cook filed an objection to the confirmation of the Plan, seeking, among other things, to preserve its right to assert against Organogenesis any claim arising on or after the Effective Date that Cook might have against Organogenesis, including, but not limited to, for infringement of the '784 Patent.

19.     In an effort to resolve Cook's Claim for pre-petition infringement damages, Organogenesis' objection to that Claim, and Cook's objection to the Plan, Cook and Organogenesis negotiated and, on August 13, 2003, agreed to a Stipulation and Order in Settlement of (i) Objection of Cook Biotech, Inc. to Confirmation of Third Amended Plan of Reorganization of Organogenesis, Inc., and (ii) Proof of Claim of Cook Biotech, Inc. This document is referred to below as the "Stipulation." A true and correct copy of the Stipulation is attached hereto as Exhibit 2.

20.     The Stipulation provided, among other things, that confirmation of the Plan would not constitute an adjudication of the respective rights of Cook and Organogenesis against each other with respect to the '784 infringement claim. (Stipulation ¶ 2.) The Stipulation further provided that confirmation of the Plan "shall have no effect on the '784 Infringement Claim, which claim shall be specifically excepted from the Release and Discharge Provisions and the Vesting Provisions of the Plan." (Stipulation ¶ 3.)

21.     The Stipulation further provided that "any order confirming the Plan and/or any Order approving this Stipulation shall have no preclusive effect with respect to litigation commenced after confirmation of the Plan between Reorganized Organogenesis and Cook Biotech ...." (Stipulation ¶ 4.)

22.     The Stipulation further provided for the dismissal of the Indiana Litigation and the Massachusetts Litigation, without prejudice, and provided that "[s]uch dismissals shall have no preclusive effect in any subsequent proceeding relating to the matters alleged in or the subject matter of [the Indiana Litigation and the Massachusetts Litigation] . . . ." (Stipulation ¶ 5.)

23.    The foregoing provisions of the Stipulation were included to make clear that Cook would retain the right to sue Organogenesis on any claim arising after the Effective Date of the Plan, including, without limitation, any claim for infringement of the '784 Patent.

24.    Cook and Organogenesis further agreed in the Stipulation that neither "would name the other as a defendant in litigation involving or in any way relating to" the claim that Organogenesis infringed the '784 Patent, "until on or after September 3, 2004" (the "Stand-Still Agreement"). (Stipulation ¶ 6.)

25.    In negotiating the Stipulation, Organogenesis sought a Stand-Still Agreement that would run for a period of two years. Cook sought to limit the Stand-Still Agreement to a six-month period. Because Cook refused to agree to the two-year Stand-Still Agreement sought by Organogenesis, the parties ultimately agreed that the Stand-Still Agreement would expire on September 3, 2004.

26.    On September 23, 2003, Cook and Organogenesis filed a Stipulation of Dismissal of the Indiana Litigation. On September 25, 2003, Cook and Organogenesis filed a Stipulation of Dismissal of the Massachusetts Litigation. On September 25, 2003, the Indiana Court dismissed the Indiana Litigation without prejudice, and on September 30, 2003, this Court dismissed the Massachusetts Litigation without prejudice.

27.    Since the dismissal of the Massachusetts Litigation and the Indiana Litigation, Organogenesis has continued to sell the collagen-based tissue graft material that Cook accused of infringement in the Indiana Litigation.

28.    Based on Cook's prior initiation of a lawsuit against Organogenesis for alleged infringement of the '784 patent, Cook's insistence on preserving its right to sue Organogenesis after it emerged from bankruptcy for alleged infringement that post-dated the Effective Date of

Organogenesis's Plan, and Cook's insistence on a limited Stand-Still Agreement, Organogenesis

has a reasonable basis for apprehension that Cook will initiate a new infringement lawsuit

against Organogenesis upon the expiration of the Stand-Still Agreement.

**COUNT I**
**Declaratory Judgment of Noninfringement**

29.    Organogenesis incorporates by reference the allegations set forth in paragraphs 1-

28.

30.    Cook has accused Organogenesis of infringing the '784 patent.

31.    Organogenesis does not infringe any valid claim of the '784 patent.

32.    An actual and justiciable case or controversy exists between Organogenesis and

Cook regarding infringement of the '784 patent.

**COUNT II**
**Declaratory Judgment of Invalidity**

33.    Organogenesis incorporates by reference the allegations set forth in paragraphs 1-

32.

34.    The claims of the '784 patent are invalid by reason of failure to comply with one

or more conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and 112.

35.    An actual and justiciable case or controversy exists between Organogenesis and

Cook regarding the validity of the '784 patent.

**REQUEST FOR RELIEF**

Organogenesis requests that this Court enter judgment for Organogenesis:

A.    Declaring that Organogenesis' collagen-based tissue graft material, as well as any

other product Cook may accuse of infringement, does not infringe any valid claim of the '784

patent or any other patent owned by Cook;

B.  Declaring that the '784 patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112;

C.  Declaring this an exceptional case and awarding Organogenesis its costs and fees; and

D.  Awarding Organogenesis such other and further relief as the Court may deem just and equitable.


ORGANOGENESIS INC.
By its attorneys,


Claire Laporte BBO # 554979
Mitchell J. Matorin BBO # 649304
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

September 3, 2004