UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>ORGANOGENESIS, INC.<br><br>Debtor. | Case No. 02-16944-WCH<br>Chapter 11 |

STIPULATION AND ORDER IN SETTLEMENT OF
(i) OBJECTION OF COOK BIOTECH, INC. TO CONFIRMATION OF
THIRD AMENDED PLAN OF REORGANIZATION OF ORGANOGENESIS, INC.
AND (ii) PROOF OF CLAIM OF COOK BIOTECH, INC.

This Stipulation and Order (the "Stipulation") is made and entered into this 13th day of August, 2003 between Organogenesis, Inc., the Debtor in this case (the "Debtor"), and Cook Biotech, Inc. ("Cook Biotech"), a party-in-interest in the above-captioned Chapter 11 case, for the purpose of resolving Cook Biotech's objection to confirmation of the Third Amended Plan of Reorganization of Organogenesis, Inc. (the "Plan"), as well as the proof of claim filed by Cook Biotech in this case and the Debtor's intended objection to that proof of claim.

WHEREAS, on September 25, 2002, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code (the "Petition Date") with the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court");

WHEREAS, the Debtor conducts business in the biotechnology industry, including with respect to its FortaFlex™ products;

WHEREAS, Cook Biotech is a competitor of the Debtor, engaged in the process of research, development, manufacture and sale of medical products;

WHEREAS, Cook Biotech is an exclusive licensee of U.S. Patent No. 5,573,784 (the "'784 Patent"), entitled "Graft For Promoting Autogenous Tissue Growth" in all fields of use except orthopedics;

WHEREAS, prepetition, Cook Biotech filed a suit against the Debtor in the United States District Court for the Southern District of Indiana entitled Cook Biotech, Inc. v. Organogenesis, Inc., Case No. IP02-0700-C-H/K (the "Infringement Action"), in which it alleged that at least one product manufactured by the Debtor under the Fortaflex™ line infringes the '784 Patent;

WHEREAS, prepetition the Debtor commenced a suit against Cook Biotech in the United States District Court for the District of Massachusetts entitled Organogenesis, Inc. v. Cook Biotech, Inc., Case No. 02-cv-11182-NG, seeking a declaratory judgment that the FortaFlex™ products do not infringe the '784 Patent (the "Declaratory Action");

WHEREAS, prepetition the Declaratory Action was stayed pending a decision in the Infringement Action regarding a motion to dismiss the Infringement Action for lack of personal jurisdiction filed by the Debtor;

WHEREAS, as of the Petition Date, the Infringement Action has been stayed pursuant to 11 U.S.C. §362(a);

WHEREAS, in this Chapter 11 case Cook Biotech has filed an unsecured claim estimating the statutory damages for infringement it allegedly was entitled to as of the Petition Date to be $684,274 (the "Claim");

WHEREAS, the Debtor contests and, absent approval of this Stipulation, intends to object to, the Claim;

WHEREAS, pursuant to an Order dated June 26, 2003, the Bankruptcy Court approved the Disclosure Statement for Third Amended Plan of Reorganization of Organogenesis, Inc. Dated June 26, 2003 (the "Disclosure Statement") and authorized the circulation of the Disclosure Statement and certain related materials for the purpose of soliciting acceptances or rejections of the Third Amended Plan of Reorganization of Organogenesis, Inc. (the "Plan");

WHEREAS, the Plan provides, among other things, in Section IV.K. that:

> on the Effective Date, the property of the estate of the Debtor shall revest in Reorganized Organogenesis, including but not limited to Avoidance Power Causes of Action and any other claims or rights of action (whether known or unknown, and whether or not identified in the Schedules or Disclosure Statement) that the Debtor or Reorganized Organogenesis has asserted or may assert against any other entity. Reorganized Organogenesis may operate its business and may use, acquire, and dispose of property without supervision by the Bankruptcy Court or the United States Trustee and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules. As of the Effective Date, *all property of Reorganized Organogenesis shall be free and clear of all Claims, liens, encumbrances, and other interests of creditors and holders*, except as otherwise provided herein.

Plan at p. 26 (emphasis added);

WHEREAS, Cook Biotech has filed a timely objection to confirmation of the Plan (the "Confirmation Objection"), seeking, among other things, to preserve its

rights to assert against Reorganized Organogenesis any claim arising on or after the Effective Date that Cook Biotech may have against Reorganized Organogenesis including, but not limited to, infringement of the '784 Patent ("784 Infringement Claim"); and [handwritten annotation: "yes any such claim(s) shall hereinafter collectively be referred to as"]

WHEREAS, the Debtor and Cook Biotech wish to resolve the Claim and the Debtor's anticipated objection thereto, and the Confirmation Objection.

NOW THEREFORE, it is hereby agreed and stipulated as follows:

1.  The Claim is withdrawn with prejudice, and will not be re-filed or renewed, without any admission by either party as to the merits of the Claim. Cook Biotech waives any right to receive any distribution on any basis in this Chapter 11 case. Except as is set forth in the following sentence, such withdrawal and waiver of distribution shall have no preclusive effect in any subsequent proceeding relating to the matters alleged in or the subject matter of the Claim. Cook Biotech acknowledges that upon entry of the Confirmation Order, any claim of Cook Biotech against the Debtor that arose prior to the Effective Date of the Plan shall be subject to the Release and Discharge Provisions in Section VII of the Plan (the "Release and Discharge Provisions").

2.  Except with regard to the Release and Discharge Provisions, confirmation of the Plan and/or entry of an Order approving the Stipulation shall not constitute an adjudication of the respective rights or interests of the Debtor or Cook Biotech, or their respective successors or assigns, against each other,

4

including but not limited to with respect to the '784 Infringement Claim and/or the Patent Actions, defined below.

3.  Entry of an Order confirming the Plan shall have no affect on the '784 Infringement Claim, which claim shall be specifically excepted from the Release and Discharge Provisions and the Vesting Provisions of the Plan.

4.  Except with regard to the Release and Discharge Provisions, any order confirming the Plan and/or any Order approving this Stipulation shall have no preclusive effect with respect to litigation commenced after confirmation of the Plan between Reorganized Organogenesis and Cook Biotech, or their successors or assigns, whether under the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, judicial estoppel, equitable estoppel, or any other theory under which a prior adjudication or allegation in a judicial proceeding may affect a subsequent proceeding before any court, agency, panel, tribunal, or other adjudicatory body.

5.  The Infringement Action and the Declaratory Action (collectively the "Patent Actions") will be dismissed without prejudice, by notice, joint motion, or stipulation, without any admission by either party as to the merits of those actions. Such dismissals shall have no preclusive effect in any subsequent proceeding relating to the matters alleged in or the subject matter of the Patent Actions, except with regard to the Release and Discharge Provisions.

6. Neither Cook Biotech nor the Debtor shall name the other as a defendant in litigation involving or in any way relating to the '784 Infringement Claim until on or after September 3, 2004.

7. Cook Biotech withdraws the Confirmation Objection with prejudice.

8. Confirmation of the Plan and/or entry of an Order approving this Stipulation shall have no impact on the ability of Cook Biotech to assert claims against, seek injunctive relief against, and/or recover damages from, parties other than the Debtor and Reorganized Organogenesis.

9. This Stipulation is subject to approval by the Bankruptcy Court. In the event that this Stipulation is not authorized and approved by the Bankruptcy Court, this Stipulation shall be of no force and effect, whereupon nothing herein shall be deemed an admission of any fact or waiver of any right of either party with respect to the matters contained herein.

10. This Stipulation represents the complete agreement of the parties hereto on the matters referred to herein and supersedes all prior agreements, understandings, promises and representations made by the parties hereto concerning the subject matter hereof. This Stipulation may not be amended, modified or supplemented, in whole or in part, without the prior written consent of the parties hereto and the approval of the Bankruptcy Court.

Stipulated and agreed this 13th day of August, 2003

                                          Respectfully submitted,

| ORGANOGENESIS, INCORPORATED, | COOK BIOTECH INCORPORATED, |
|---|---|
| By its counsel, | By its counsel, |
| FOLEY HOAG LLP | HOLLAND & KNIGHT LLP |
| *[signature]* | *[signature]* |
| Andrew Z. Schwartz (BBO # 544653) | John J. Monaghan (BBO # 546454) |
| Kenneth S. Leonetti (BBO # 629515) | Lynne B. Xerras (BBO # 632441) |
| 155 Seaport Boulevard | David G. Sobol (BBO #647057) |
| Boston, MA 02210 | 10 St. James Avenue |
| (617) 832-1000 | Boston, MA 02116 |
|  | (617) 523-2700 |

Dated: August 13, 2003

### Order

The foregoing stipulation is hereby approved and entered as an Order of this Court this ___ day of August, 2003.

*[signature]*

Honorable William C. Hillman
United States Bankruptcy Judge

BOS1 #1363867 v3

7